UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13 -**  **5332**

ORIGINAL

------------------------------------------------------------------x

SHOLOM D. MINSKY,

                               Plaintiff,

     -against-                             Civil Action No. CV

411 ROGERS AVENUE, LLC,
ABRAHAM E. SOFER, JON ARI LEFKOWITZ,
NEDIVA SCHWARTZ, NEDIVA
SCHWARTZ d/b/a ABRAHAM SHNEORSON,
ABRAHAM SHNEORSON, WOLF LANDAU,    **JURY TRIAL DEMANDED**
MORRIS TEPLER, JOSEPH JUSEWITZ,
CONTINENTAL CAPITAL GROUP, LLC.,
WILLIAM ELBOGEN, M.T.M. REALTY,
EXACT ABSTRACT INC., and JOHN DOE #1
through #30,

                              Defendants.



------------------------------------------------------------------x

Plaintiff, SHOLOM D. MINSKY, appearing pro se, as and for his complaint against
the defendants, respectfully alleges as follows:

## JURISDICTION

1.    This is a complex civil action seeking declaratory and injunctive relief,

as well as actual, consequential and exemplary damages, of which jurisdiction is

conferred upon the United States District Court, Eastern District of New York by the

federal RICO statutes at 18 U.S.C. §1962; Bankruptcy Fraud at 18 U.S.C. §152; and

for supplementary relief.

## THE PARTIES

2.    The Plaintiff SHOLOM D. MINSKY a/k/a DUBI MINSKY ("Plaintiff"), is above the age of eighteen years, and is domiciled at 1805 New York Avenue, Brooklyn NY 11210.

3.    The Defendant 411 ROGERS AVENUE LLC is a domestic corporation with an office located at 32 Broadway, #4, Brooklyn, New York 11211.

4.    The Defendant OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, upon information and belief is a Minnesota State corporation, with an address at 400 South Second Avenue, Minneapolis, MN 55401.

5.    The Defendant ABRAHAM SOFER is a person over the age of 18 years, and resides at 32 Broadway, Apartment #4, Brooklyn, New York 11211.

6.    The Defendant NEDIVA SCHWARTZ is over the age of 18 years and resides at 1252 Ocean Parkway, Brooklyn, New York 11230; at times while conspiring to defraud Plaintiff of real property and business and at times while defrauding Plaintiff of real property and business, employed the use of her pseudonym ABRAHAM SHNEORSON.

-2-

7.    The Defendant ABRAHAM SHNEORSON is alleged to be a person over the age of 18 years, and is alleged to reside in Brooklyn, New York 11213.

8.    The Defendant JOSEPH JUSEWITZ is over the age of 18 years, and upon information and belief resides in Brooklyn, New York.

9.    The Defendant JON ARI LEFKOWITZ  (hereinafter "JON LEFKWITZ") is an attorney over the age of 18 years, and upon information and belief resides at 1173 East 26th Street, Brooklyn, New York 11210.

10.    The Defendant CONTINENTAL CAPITAL GROUP, LLC. ("CONTINENTAL CAPITAL GROUP") upon information and belief is a corporation on file and registered with the State of New York, and doing business both in the State of New York and interstate, and maintains an office address at 2 Skillman Street, Suite 205, Brooklyn, New York 11205.

11.    The Defendant WOLF LANDAU is a person over the age of 18 years, and upon information and belief he resides at 41 Keap Street, Brooklyn, New York 11249.

12.  The Defendant MORRIS TEPLER is a person over the age of 18 years, and upon information and belief resides at 2108 Avenue J, Brooklyn, New York 11210.

13.  The Defendant M.T.M. REALTY ("MTM REALTY"), upon information and belief is a non-incorporated entity, a d/b/a for Defendant MORRIS TEPLER, and maintains an address at 2108 Avenue J, Brooklyn, New York 11210.

14.  The Defendant EXACT ABSTRACT INC. is believed to be an active New York State corporation, with its office located at 1069 East 24th Street, Brooklyn, NY 11210.

15.  The Defendant WILLIAM ELBOGEN is a person over the age of 18 years, and upon information and belief resides at 1069 East 24th Street, Brooklyn, New York 11210.

16.  The Defendants JOHN DOE #1 through #30 are fictitious names representing persons of both gender, above the age of 18 years, whose real names are currently unknown to Plaintiff, and who are believed to have aided and abetted the herein defendants in the allegations herein described.

-4-

## **INTRODUCTION**

17. The allegations set forth hereinbelow, describe with particularity and with cogent proofs, the defendants direct participation in a real property fraud scam by use of falsified deeds, a forged notary, fraudulent mortgage filings in the six digits, insurance fraud, and fraud on the court, among other things, with the aim and purpose of creating a long sophisticated trail and chain of repeated RICO violations and other horrific property and monetary fraud against Plaintiff, which was implemented by the defendants herein, both individually and jointly while acting willfully and with the malicious intent to damage Plaintiff's property and business.

18. Clearly, for the purpose of the instant action, any attempt by defendants to appear in this federal court and assert purported rights or defenses by employment of the herein described forged and falsified deeds and mortgages, and documents related thereto, should constitute a criminal fraud on the court, as well as acts in furtherance of the fraud scam described hereinbelow.

19. The instant action is premised primarily on RICO violations and other acts of fraud, and the resulting monetary damages. This action does not seek any damages for attorney malpractice.

## VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
## 18 UNITED STATES CODE SECTION 1962

20. The **Defendant** CONTINENTAL CAPITAL GROUP, LLC., also referred to herein as a "RICO Enterprise", as the term is referred to in the RICO statute, is controlled and operated by **Defendant** WOLF LANDAU generally as a money lending operation, with **Defendant** CONTINENTAL CAPITAL, by and through **Defendant** WOLF LANDAU, acting separate and apart from the said general operation, and in concert and conspiracy and on behalf of certain other herein defendants both jointly and severally, to wit, **Defendant** ABRAHAM SOFER, **Defendant** NEDIVA SCHWARZ, and with **Defendant** NEDIVA SCHWARZ d/b/a ABRAHAM SHNEORSON, **Defendant** JOSEPH JUSEWITZ, **Defendant** WILLIAM ELBOGEN individually, and as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, **Defendant** MORRIS TEPLER d/b/a **Defendant** M.T.M. REALTY, and **Defendant** JON LEFKOWITZ, while promoting the use of racketeering acts as defined in 18 United States Code §1961, resulting in a pattern of racketeering activity; and falling within the parameters of the prohibited activities proscribed by 18 United States Code §1962, and where said Defendants as a result of the aforementioned racketeering crimes have directly enriched the RICO ENTERPRISE **Defendant** Continental Capital, and have maintained and promoted the illegal operation of same by and through **Defendant** WOLF LANDAU together with others, through the commission of multiple crimes, including predicate crimes listed

-6-

under the RICO statute, including but not limited to mail fraud, wire fraud, bank fraud, money laundering, extortion, threats of assault and battery, and business shut down, physical assault and battery, by which property owned by Plaintiff, including real property and revenue derived thereof was, as a direct result of the said illegal enrichment and promotion of the illegal operation of RICO ENTERPRISE **Defendant** Continental Capital, repeatedly damaged and stolen from Plaintiff herein, and from where the business of the herein Plaintiff was, as a direct result of the said enrichment and promotion of the maintaining of the illegal operation, severely damaged, and revenue thereof repeatedly stolen.

21. Moreover, and alternatively, **Defendant** ABRAHAM E. SOFER, **Defendant** NEDIVA SCHWARTZ, **Defendant** NEDIVA SCHWARTZ d/b/a ABRAHAM SHNEORSON, **Defendant** JOSEPH JUSEWITZ, **Defendant** WILLIAM ELBOGEN acting individually and as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, **Defendant** JON LEFKOWITZ, **Defendant** MORRIS TEPLER d/b/a **Defendant** M.T.M. REALTY, **Defendant** WOLF LANDAU, and **Defendant** CONTINENTAL CAPITAL GROUP, LLC., are a non-incorporated association-in-fact organization, operating in continuance as a group of real estate developers and/or investors, with each of the aforesaid defendants directly conducting, managing and controlling the operation and affairs of the said association-in-fact while promoting the use of racketeering acts as defined in 18 United States Code §1961, resulting in a pattern of racketeering activity; and falling

-7-

within the parameters of the prohibited activities proscribed by 18 United States Code §1962, and with **Defendant** CONTINENTAL CAPITAL GROUP, LLC., by and through **Defendant** WOLF LANDAU, acting in concert with the aforesaid defendants, additionally maintaining a direct affiliation to the instant RICO ENTERPRISE via their aiding and abetting the said association-in-fact in the commission of multiple crimes, including predicate crimes listed under the RICO statute, including but not limited to mail fraud, wire fraud, bank fraud, money laundering, extortion, threats of assault and business shut down, physical assault and battery, by which business and property owned by Plaintiff, including real property and revenue derived thereof was directly damaged, and where the RICO predicate acts committed thereof by the said defendants are not isolated events  but are of a common and continuous nature targeting the same or similar unlawful purposes and objectives and pose a threat of long term continued criminal activity.

22.   In furtherance of the aforementioned RICO crimes, **Defendant** ABRAHAM E. SOFER, **Defendant** NEDIVA SCHWARTZ, **Defendant** NEDIVA SCHWARTZ d/b/a ABRAHAM SHNEORSON, **Defendant** JOSEPH JUSEWITZ, **Defendant** WILLIAM ELBOGEN individually, and as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, **Defendant** JON LEFKOWITZ, **Defendant** WOLF LANDAU, **Defendant** MORRIS TEPLER d/b/a **Defendant** M.T.M. REALTY, and **Defendant** CONTINENTAL CAPITAL GROUP, LLC., by and through **Defendant** WOLF LANDAU, acting in concert and conspiracy

with the aforesaid defendants, did conspire, and willfully joined together with said

defendants to act as a group, while fully cognizant that the criminal activities they would

perpetrate, namely mail fraud, wire fraud, bank fraud, extortion and money laundering,

among possible others crimes, fall under the RICO predicate acts defined under 18 United

States Code § 1961, and would form a pattern of racketeering activity, with the objective

and determination to violate federal racketeering crimes described under 18 United States

Code §1962(a)(b) and (c), and by which the **Defendant** ABRAHAM  E. SOFER,

**Defendant** NEDIVA SCHWARTZ, **Defendant** NEDIVA SCHWARTZ d/b/a

ABRAHAM SHNEORSON, **Defendant** JOSEPH JUSEWITZ,  **Defendant**

WILLIAM ELBOGEN individually, and as agent for **Defendant** OLD REPUBLIC

NATIONAL TITLE INSURANCE COMPANY, **Defendant** JON LEFKOWITZ,

**Defendant** WOLF LANDAU, **Defendant** MORRIS TEPLER d/b/a **Defendant**

M.T.M. REALTY, and **Defendant** CONTINENTAL CAPITAL GROUP, LLC., by

and through **Defendant** WOLF LANDAU and others, acting in concert and conspiracy

with the aforesaid defendants, and where as a direct result of the commission of said

predicate acts the business and property owned by Plaintiff, including real property and

revenue derived thereof would be continuously damaged and stolen.


### Relevant Background

23.   The **Defendant** ABRAHAM E. SOFER, **Defendant** NEDIVA

SCHWARTZ, **Defendant** NEDIVA SCHWARTZ d/b/a ABRAHAM SHNEORSON,

**Defendant** JOSEPH JUSEWITZ, **Defendant** WILLIAM ELBOGEN individually, and

as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE

COMPANY, **Defendant** JON LEFKOWITZ, **Defendant** WOLF LANDAU,

**Defendant** CONTINENTAL CAPITAL GROUP, LLC., and **Defendant** MORRIS

TEPLER d/b/a **Defendant** M.T.M. REALTY (collectively referred to herein as the

"RICO Defendants"), acting together in concert and conspiracy, concocted a long term

continuing scheme dating prior to 2006 and lasting to this very day, and where said

RICO defendants acting jointly and severally, created one long fraud scam trail and

chain that includes fraudulent property conveyances, fraudulent mortgages, bank

fraud, insurance fraud, and bankruptcy fraud, and where a notary was employed to

commit crimes of forgery in order to achieve, and further the aims of the said scam.

The fraud scam trail described in the instant action extends far deeper than the tip of

the iceberg described in the instant RICO action.  The herein RICO defendants made

for themselves a career in which they target persons, which they assess to be

potentially vulnerable victims, and who are thereafter enticed with promises of

financial gain if they participate financially as an investor/lender in a staged "real

estate venture", and where unknown to the victim, the RICO defendants are fully

intent, via a pattern RICO statute violations, as specified hereinabove and below, to

collectively steal, embezzle, damage and destroy the real property and business of their

targeted victim.


24.  Additionally, and in furtherance of the aforesaid, as shall be described

more fully hereinbelow, the **Defendant** NADIVA SCHWARTZ together with

Defendant JOSEPH JUSEWITZ and while acting in concert and conspiracy with the RICO Defendants, willfully and maliciously and with intent to damage Plaintiff submitted during October 2012 a falsified bankruptcy petition, at the Bankruptcy Court of the Eastern District of New York, relating to a money judgment owned by Plaintiff on property they purchased together in Indiana in 2005.

25.  Like so many con artists before them, the herein RICO defendants, conspired together in a scam to defraud that was neither perfect nor foolproof.  As shown hereinbelow, during the course of their scam the RICO defendants were so focused on their repeated fraudulent acts and unjust enrichment, they eventually dropped their guard and left behind a long exposed trail of repeated crime.

26. As part of the aforementioned scheme, on the morning of February 23, 2006, **Defendant** NADIVA SCHWARTZ, acting in concert and in conspiracy with the RICO defendants, and with full intent to jointly rob, embezzle, damage and destroy the real property and business of Plaintiff together with said defendants, approached same at his office located at 820 Williams Avenue, Brooklyn, New York, and at which time she falsely represented her intent to purchase together in partnership with **Defendant** ABRAHAM SOFER, certain real property located at 411 Rogers Avenue, Brooklyn, New York (hereinafter referred to as the "subject property" and/or "subject real property"), while falsely representing and with the full intent to defraud Plaintiff, that the current owner and prospective seller of the subject real property is an individual by

-11-

the name of Rylanda Bishop; and stating that said Rylanda Bishop is in default on a mortgage on that subject property in the amount of approximately three-hundred thousand dollars ($300,000.00) to HSBC, and that said Rylanda Bishop has stated her willingness, for a minimum payment of three-thousand dollars over the full mortgage amount that she owes to HSBC Bank, to sell via deed all her rights, title, and interest to the said property; and that **Defendant** ABRAHAM SOFER is seeking a loan for a period of just two months time to cover his half of the purchase price, an amount totaling $150,000.00, and where **Defendant** ABRAHAM SOFER would pay a high interest premium for the cost of the loan, in addition to providing security to the lender of said loan in the form of a promissory note, together with a first mortgage on the said subject property in the same amount.

27.  **Defendant** NADIVA SCHWARTZ was fully aware that her story was entirely false; that Rylanda Bishop was not the fee owner of the subject property; and that **Defendant** ABRAHAM SOFER was not intent on ever returning any borrowed funds to Plaintiff or any lender she targeted as a potential victim of the scam. **Defendant** NADIVA SCHWARTZ created her fictional story in concert and in conspiracy with the RICO defendants, in order to entice and thereafter defraud her targeted potential victim.

28.  Thereafter, on the afternoon of February 23, 2006, both **Defendant** NADIVA SCHWARTZ and **Defendant** ABRAHAM SOFER, acting in concert and in

conspiracy with the RICO defendants, met in person with Plaintiff at his office located at 820 Williams Avenue, Brooklyn, New York, at which time they together falsely represented their intent to purchase together in partnership clear title to a certain real property located at 411 Rogers Avenue, Brooklyn, New York, while falsely stating that the current owner and prospective seller of the subject real property is Rylanda Bishop, and that she was in default on a mortgage on that property in the amount of approximately three-hundred thousand dollars ($300,000.00) to HSBC, and that said Rylanda Bishop had stated her willingness for a minimum payment of three-thousand dollars over the full mortgage amount that she owes, to sell via deed all her rights, title, and interest to the said property; and that **Defendant** ABRAHAM SOFER, was seeking a loan for a period of just two months time to cover his half of the purchase price, an amount totaling $150,000.00, and where **Defendant** ABRAHAM SOFER would pay a set interest premium for the cost of the loan, besides providing security to the lender of said loan in the form of a promissory note and a first mortgage on the said property in the same amount.

29. Both **Defendants** NADIVA SCHWARTZ and ABRAHAM SOFER were deliberately targeting Plaintiff as a potential victim of their scam; were fully aware that their story was entirely false; that Rylanda Bishop was not an owner of the property; and that they themselves had already together purchased the subject property under the names SOFER and SHNEORSON. **Defendants** NADIVA SCHWARTZ and ABRAHAM SOFER falsely and deliberately claimed they were intending to

-13-

purchase the subject property with clear title from the said Rylanda Bishop, in order to

cause Plaintiff to falsely believe he would therefore likewise be issuing his loan on that

property with clear title.


   30.  **Defendant** ABRAHAM SOFER and **Defendant** NADIVA

SCHWARTZ both knew there was no intent at all on ever returning any borrowed

funds to Plaintiff.  Their falsified story was created in concert and in conspiracy with

the RICO defendants, in order to defraud the targeted victim.


   31.  Moreover, both **Defendant** NADIVA SCHWARTZ and **Defendant**

ABRAHAM SOFER were fully aware of the existence of a priority mortgage on the

subject property, which had been assigned on August 22, 2005 from a certain

O'Donald Adams and Margaret Adams to **Defendant** NADIVA SCHWARTZ; and

where the said mortgage purports that on the day of the aforesaid assignment there was

existing a debt in the sum total of $16,500.00.


   32.  Both **Defendant** NADIVA SCHWARTZ and **Defendant** ABRAHAM

SOFER, acting in concert and conspiracy together with the RICO defendants, and in

furtherance of the aforementioned scheme to defraud, willfully and maliciously and

with intent to damage Plaintiff deliberately concealed from him their knowledge of the

that existing priority mortgage on the subject property.

33. On or about February 23, 2006, as part of the aforementioned conspiracy, both **Defendant** NADIVA SCHWARTZ and **Defendant** ABRAHAM SOFER, upon seeing Plaintiff was enticed with their offer, jointly recommended to him the legal services of **Defendant** JON LEFKOWITZ, an attorney in the Flatbush neighborhood of Brooklyn, New York, while falsely asserting that they never had any previous relationship with him, nor personally know him.

34. **Defendant** JON LEFKOWITZ was personally present on August 22, 2005 at the time and place of the aforementioned mortgage assignment from O'Donald Adams and Margaret Adams to **Defendant** NADIVA SCHWARTZ, and at which time **Defendant** JON LEFKOWITZ represented **Defendant** NADIVA SCHWARTZ as her attorney and/or partner, relating to the said assignment, and in his capacity as a licensed notary he additionally acknowledged the signatures of both O'Donald Adams and Margaret Adams on the assignment document.

35. Upon information and belief, as part of the aforesaid conspiracy, both **Defendant** NADIVA SCHWARTZ, and **Defendant** ABRAHAM SOFER willfully and maliciously and with intent to damage Plaintiff concealed from him the fact that **Defendant** JON LEFKOWITZ was a silent partner in the subject property and related real estate scam, and that **Defendant** JON LEFKOWITZ was an attorney acting for, and on behalf of, and together with **Defendant** NADIVA SCHWARTZ, **Defendant** ABRAHAM SOFER, in matters related to the subject property.

-15-

36.  On or about the late afternoon or evening of February 23, 2006, Plaintiff together with **Defendant** NADIVA SCHWARTZ met **Defendant** JON LEFKOWITZ, at an office located at 1173 East 26th Street, Brooklyn, New York, and where **Defendant** JON LEFKOWITZ, after clearly stating that he was a knowledgeable and experienced real estate lawyer that always represents and protects the interests of his clients to the best of his ability, stated his willingness to act as the attorney for Plaintiff, and where the Plaintiff in reliance upon those factual assertions on the part of **Defendant** JON LEFKOWITZ, retained same in writing to represent him as his attorney.

37.  On February 23, 2006, during the said meeting or at any other time, the **Defendant** JON LEFKOWITZ, willfully and deliberately and with intent to defraud Plaintiff concealed from him his current and prior relationships with **Defendant** NADIVA SCHWARTZ, **Defendant** ABRAHAM SOFER.

38.  Plaintiff, in ignorance of the aforementioned conspiracy to defraud, trusted and relied upon the aforesaid representations of **Defendant** JON LEFKOWITZ, an attorney at law and officer of the court.

39.  On February 23, 2006, as well as any time thereafter, **Defendant** JON LEFKOWITZ had no intention whatsoever on protecting the interests and rights of

-16-

Plaintiff.   To the contrary, as part of the aforesaid conspiracy, **Defendant** JON

LEFKOWITZ was willfully intent on protecting only the criminal interests of himself,

the criminal interests of **Defendant** NADIVA SCHWARTZ, **Defendant** ABRAHAM

SOFER, and those of the RICO defendants.


40.  In furtherance of the aforementioned conspiracy to defraud, on February

23, 2006, as well as any time thereafter, **Defendant** JON LEFKOWITZ did not order,

or even suggest that there be ordered, a proper title search of the subject property, or

title insurance on behalf of Plaintiff.


41.  **Defendant** JON LEFKOWITZ, having personally represented

**Defendant** NADIVA SCHWARTZ some six moths earlier on August 22, 2005 at the

aforementioned $16,500.00 mortgage assignment on the subject property, was during

the aforesaid meeting held on February 23, 2006 at the office located at 1173 East 26th

Street, Brooklyn, New York, fully cognizant as to the existence of that mortgage, and

that he was willfully, maliciously and with intent to damage, participating in a scam

aimed at defrauding Plaintiff of his business and property.


42.  During the aforesaid meeting held on February 23, 2006 at the home

office of **Defendant** JON LEFKOWITZ, located at 1173 East 26th Street, Brooklyn,

New York, as part of the aforementioned conspiracy to deceive and defraud,

**Defendant** NADIVA SCHWARTZ had herself appear as a stranger to **Defendant**

-17-

JON LEFKOWITZ, while simultaneously assisting him with procedural information and related issues, including but not limited to discussing possibilities as to the office location where the closing could take place; providing **Defendant** JON LEFKOWITZ with information regarding the subject real property, including the name of Rylanda Bishop, as the purported fee owner, and the purported name and phone number of her attorney; after which time **Defendant** JON LEFKOWITZ stated that the **Defendant** ABRAHAM SOFER is required to have his own attorney draft all the necessary documentation, namely the mortgage note, the mortgage against the said real property located at 411 Rogers Avenue, Brooklyn, New York, and recording forms.  **Defendant** NADIVA SCHWARTZ voluntarily stated her willingness to advise **Defendant** ABRAHAM SOFER accordingly.

43.  At the time of the aforesaid meeting and execution of the written retainer agreement, both **Defendant** JON LEFKOWITZ and **Defendant** NADIVA SCHWARTZ were fully aware that the fee owners of the subject property were recorded at the City Register of Kings County on January 24, 2006 as being **Defendant** ABRAHAM SOFER and **Defendant** ABRAHAM SHNEORSON, and that Rylanda Bishop was not a fee owner; and that there was no legal purpose whatsoever or intention to have any closing with Rylanda Bishop, as had been represented to Plaintiff.

44. Moreover, as a vital element in the aforementioned conspiracy to defraud, one of the aforesaid two fee owners of the subject property, namely **Defendant** ABRAHAM SHNERSOHN serves solely as a pseudonym for **Defendant** NADIVA SCHWARTZ, and where that pseudonym is used via forgery to fraudulently conceal the identity of **Defendant** NADIVA SCHWARTZ while serving as the means by which **Defendant** NADIVA SCHWARTZ could directly participate and effectuate her roll in the aforementioned fraud conspiracy, as well as other fraud scams, while believing she is protected with quasi-immunity from liability.

45. The aforesaid fraudulent pseudonym relationship is discussed more fully hereinbelow.

46. **Defendant** JON LEFKOWITZ, during the aforesaid meeting held on February 23, 2006, at an office located at 1173 East 26th Street, Brooklyn, New York, was fully cognizant of the aforesaid relationship between the subject property fee owner "ABRAHAM SHNEORSON" with **Defendant** NADIVA SCHWARTZ.

47. During the aforesaid meeting held on February 23, 2006, at the office located at 1173 East 26th Street, Brooklyn, New York, **Defendant** JON LEFKOWITZ repeatedly falsely assured Plaintiff that he would fully protect his legal rights in the said mortgage loan transaction, and that he would schedule the closing of the subject property for the following week at his office; and that he would additionally review

and examine **Defendant** ABRAHAM SOFER's, prepared promissory note, and first mortgage against the said real property located at 411 Rogers Avenue, Brooklyn, New York, and duly record same with the City Register of Kings County immediately after the said closing.

48.  During the aforesaid meeting held on February 23, 2006, **Defendant** JON LEFKOWITZ made no mention of requiring a signed consent from **Defendant** NADIVA SCHWARTZ, relating to her priority mortgage.

49.  During the aforesaid meeting held at the office of **Defendant** JON LEFKOWITZ on February 23, 2006, **Defendant** JON LEFKOWITZ never asked Plaintiff as to the agreed upon rate of interest for the subject mortgage, and the matter was not discussed.

50.  At the meeting held on the afternoon of February 23, 2006, prior to the subsequent meeting with **Defendant** JON LEFKOWITZ, the **Defendant** ABRAHAM SOFER had voluntarily offered to pay Plaintiff interest in the amount of twenty-four percent per annum (24%), while fully aware that such a high rate of interest was illegal and would result in severe legal repercussions to his own advantage against Plaintiff. Defendant ABRAHAM SOFER had voluntarily offered that high interest rate with the intent to both entice and defraud Plaintiff of his loan.  Defendant ABRAHAM SOFER

-20-

was aware that Plaintiff was an ignorant novice lender, not familiar with the usury statutes.

51.  However, during the forenoon of March 1, 2006, prior to the scheduled mock closing, **Defendant** JON LEFKOWITZ contacted Plaintiff by phone, advising him in a very stern and professional tone of voice that the mortgage documents provided to him by **Defendant** ABRAHAM SOFER were legally unacceptable; insisting that such a loan was not legal, and that he could not participate or permit Plaintiff, his client, to participate in such a loan.

52.  As clearly seen further herein, **Defendant** JON LEFKOWITZ was concerned exclusively with protecting his own personal interests and concerns, and was not by any means concerned with protecting the interests and financial concerns of his client Plaintiff.

53.  Subsequently, phone calls were exchanged that March 1, 2006 morning between Plaintiff and **Defendant** ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ, and **Defendant** JON LEFKOWITZ, after which time a new arrangement was agreed to, and which appeared to meet with approval from **Defendant** JON LEFKOWITZ; and where instead of the aforementioned mortgage loan, Plaintiff would receive in exchange for his payment in the amount of $_____.00 to **Defendant** ABRAHAM SOFER, a valid deed equivalent to a

-21-

straight twenty-five percent share of the entire subject property, and where all

mortgage taxes and filing fees for recording same were to be paid in advance at

closing by **Defendants** ABRAHAM SOFER and NADIVA SCHWARTZ.

54. Under the new arrangement, although deliberately not explained to

Plaintiff, an unsigned deed with covenants, dated March 1, 2006, from **Defendant**

ABRAHAM SOFER conveying half of his half-share of the subject property to

Plaintiff was immediately prepared that same morning by **Defendant** JON

LEFKOWITZ, who thereafter faxed a copy of same to **Defendant** ABRAHAM SOFER

and **Defendant** NADIVA SCHWARTZ, apparently for their approval.

55. On the morning of March 1, 2006, **Defendant** ABRAHAM SOFER,

**Defendant** NADIVA SCHWARTZ, and **Defendant** JON LEFKOWITZ, acting in

concert and conspiracy with the remaining RICO defendants, and with the intent to

deceive and defraud Plaintiff, falsely represented to Plaintiff that under the new

purchase arrangement he together with **Defendants** ABRAHAM SOFER and

NADIVA SCHWARTZ, would be acquiring from Rylanda Bishop clear title to the

subject property, and where **Defendant** NADIVA SCHWARTZ would acquire 50% of

the subject property, and the other 50% would be divided equally between **Defendant**

ABRAHAM SOFER and Plaintiff.

56. **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ convinced Plaintiff to accept the aforesaid arrangement while they intentionally concealed from him the existence of the aforementioned $16,500.00 mortgage held by **Defendant** NADIVA SCHWARTZ on the subject property.

57. **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ deliberately concealed from Plaintiff that there preexisted an ownership relationship between **Defendants** ABRAHAM SHNEORSON and ABRAHAM SOFER with the subject property.

58. On or about March 1, 2006, in the early afternoon, as part of the aforesaid conspiracy, and while acting in concert and conspiracy with the RICO Defendants, **Defendant** JON LEFKOWITZ conducted a mock closing at his home office located at 1173 East 26th Street, Brooklyn, New York, and where persons unknown to Plaintiff acting as, and representing themselves as legal representatives of Rylanda Bishop, and HSBC Bank were present. **Defendant** ABRAHAM SOFER, together with a person alleging to be his attorney attended the said mock closing.

59. On March 1, 2006, **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ via deliberate false representations caused Plaintiff to believe that on that day Rylanda Bishop had first conveyed clear title to

-23-

**Defendants** ABRAHAM SOFER and NADIVA SCHWARTZ, and that simultaneously or immediately following, **Defendant** ABRAHAM SOFER conveyed half of his half share in the subject property to Plaintiff.

60.   On or about the afternoon of March 1, 2006, while at the office located at 1173 East 26th Street, Brooklyn, New York, Plaintiff, in reliance on the aforementioned representations and assurances of **Defendant** JON LEFKOWITZ, did deliver to **Defendant** JON LEFKOWITZ, as his attorney, a bank check in the amount of $142,057.12, together with $_7,942.88 to be used as the monetary consideration in exchange for the purchase of one-half of the half share of the subject property conveyed to **Defendant** ABRAHAM SOFER.

61.   On the afternoon of March 1, 2006, **Defendant** ABRAHAM SOFER delivered a deed with covenants, notarized March 1, 2006, reflecting the sale of one-half of the half-share of the subject property to Plaintiff, and where his well known nick-name "Dubi Minsky" was cited as purchaser therein. The said deed ("Dubi Minsky deed") was then left in the possession of **Defendant** JON LEFKOWITZ, as attorney, for immediate recording at the City Register of Kings County.

62.  On or about the afternoon of March 1, 2006, while at the office located at 1173 East 26th Street, Brooklyn, New York, Defendant ABRAHAM SOFER appeared to deposit monies with Defendant JON LEFKOWITZ, representing the transfer taxes and filing fees for recording the aforesaid deed.

63.  On or about the afternoon of March 1, 2006, **Defendant** JON LEFKOWITZ, while present in said office during the aforesaid mock closing, did convincingly assure Plaintiff that he would immediately thereafter duly file his deed reflecting 25% ownership of the subject property located at 411 Rogers Avenue, Brooklyn, New York.

64.  **Defendant** JON LEFKOWITZ while acting in concert and conspiracy with the aforesaid RICO defendants, willfully, deliberately, and maliciously, and with the sole intent to injure, damage, swindle, and defraud the Plaintiff of his real property, did refrain from recording the aforesaid deed at the City Register of Kings County.

65.  Thereafter, on or about April 3, 2006, **Defendant** JON LEFKOWITZ while acting in concert and conspiracy with the aforesaid RICO defendants, and while present with Plaintiff in the said law office, located at 1173 East 26th Street, Brooklyn, New York, willfully, deliberately, and with the sole intent to injure, damage, swindle, and defraud same of his real property, did falsely state and clearly misrepresent to

-25-

Plaintiff that his Dubi Minsky deed reflecting 25% ownership of the subject property had been duly recorded at the City Register of Kings County.

66.   As a direct result of all the aforementioned deliberate false statements and misrepresentations, and deliberately false professional assurances provided by **Defendant** JON LEFKOWITZ, the Plaintiff was deceived, and made to believe that his ownership in the subject property was legally secure and protected and duly recorded at the City Register of Kings County.

67.   In furtherance of the aforementioned fraud conspiracy, some two days after the aforesaid mock closing, Plaintiff received in the mail a bill in the amount of five hundred dollars ($500.00) from **Defendant** JON LEFKOWITZ for his alleged legal services.

68.   During the aforementioned mock closing, held on or about March 1, 2006, in the aforesaid office of **Defendant** JON LEFKOWITZ, Plaintiff was falsely lead to believe by **Defendants** JON LEFKOWITZ, ABRAHAM SOFER, and NADIVA SCHWARTZ, that as a result of the said closing with Rylanda Bishop and subsequent property partnership, that **Defendant** NADIVA SCHWARTZ had become the title owner to one half of the subject property.

69.  On or about March 28, 2006, at a meeting between Plaintiff and Defendant ABRAHAM SOFER, held at 820 Williams Avenue, Brooklyn, New York, which meeting was initiated by Defendant ABRAHAM SOFER, with the intent, aim and objective to further swindle and defraud the Plaintiff of real property and to damage his business, and while fully cognizant that Plaintiff remained fully unaware that Defendant JON LEFKOWITZ had deliberately not filed the aforementioned March 1, 2006 notarized Dubi Minsky deed at the City Register of Kings County,  and while fully aware that as part of the aforementioned fraud scam Defendant JON LEFKOWITZ had no intention to ever record that deed, and while acting in concert and conspiracy with the RICO Defendants, he stated that Defendant NADIVA SCHWARTZ was willing to convey her half-share of the entire subject property for a discounted price of seventy-five thousand dollars ($75,000.00) in cash.

70.  During the aforesaid meeting, held on or about March 28, 2006, a phone call was initiated by Defendant ABRAHAM SOFER to Defendant NADIVA SCHWARTZ, during which time Defendant NADIVA SCHWARTZ additionally spoke with Plaintiff, and stated her willingness to convey to him her half-share of the entire subject property for a discounted price of $75,000.00, to be paid for all in cash, conditioned that a closing is held within a week, while stating that she needed the funds immediately to close on another property.

-27-

71. During the aforesaid phone conversation, held on or about March 28, 2006, **Defendant** NADIVA SCHWARTZ falsely advised Plaintiff that she owned her half of the subject property under the name of her brother, herein **Defendant** ABRAHAM SHNEORSON who acted as her nominee, and that if Plaintiff wished to purchase her entire half share of the subject property at the said price, she was fully empowered by power of attorney to sign for her brother **Defendant** ABRAHAM SHNEORSON and issue a deed to the subject property.

72. During the aforesaid phone conversation it was agreed between Plaintiff and **Defendant** NADIVA SCHWARTZ that Plaintiff would pay seventy-five thousand dollars in cash to **Defendant** ABRAHAM SHNEORSON as nominee for **Defendant** NADIVA SCHWARTZ as the consideration for conveying to him his/her half-share ownership in the said subject property, located at 411 Rogers Avenue, Brooklyn, New York, and that **Defendant** NADIVA SCHWARTZ was to be responsible to pay in advance at the closing, to plaintiff's attorney **Defendant** JON LEFKOWITZ, the sum total for all transfer taxes and recording fees associated with the said conveyance.

73. During the aforesaid phone conversation, held on or about March 28, 2006, it was also agreed that the closing of the said half-share ownership of the subject property from **Defendant** ABRAHAM SHNEORSON as nominee of **Defendant** NADIVA SCHWARTZ to Plaintiff for consideration in the amount of seventy-five thousand dollars in all cash, would take place at the office of **Defendant** JON

-28-

LEFKOWITZ, the attorney for Plaintiff, located at 1173 East 26th Street, Brooklyn, New York. Thereafter, on or about March 28, 2006 in the afternoon, **Defendant** JON LEFKOWITZ was contacted by phone and closing was set for April 3, 2006, at his home office located at 1173 East 26th Street, Brooklyn, New York.

74. A few weeks prior to the commencement of the instant action, Plaintiff became aware that **Defendant** NADIVA SCHWARTZ had falsely misrepresented her purported relationship with **Defendant** ABRAHAM SHNEORSON. That **Defendant** ABRAHAM SHNEORSON was not a nominee acting on behalf of **Defendant** NADIVA SCHWARTZ, but was instead used solely as a pseudonym for **Defendant** NADIVA SCHWARTZ. In fact, in furtherance of her scamming via usage of her nominee, **Defendant** NADIVA SCHWARTZ fraudulently via a forged notary employed herself to act as the power of attorney for her nominee **Defendant** ABRAHAM SHNEORSON.

75. As described more fully hereinbelow, **Defendant** NADIVA SCHWARTZ had a few years earlier staged a scene using a forged notary, and where she personally executed a power of attorney from her pseudonym ABRAHAM SHNEORSON to another individual, in order that he commit bank fraud on her behalf under the name of that pseudonym.

76. The **Defendant** JON LEFKOWITZ, acting in concert and conspiracy with the RICO defendants, and with the full intent to defraud Plaintiff, falsely represented to Plaintiff that he would represent him at the aforesaid closing as his attorney. **Defendant** JON LEFKOWITZ, acting in concert and conspiracy with **Defendant** NADIVA SCHWARTZ and the remaining RICO defendants, had all intention to cheat, swindle and defraud Plaintiff of his property, and to destroy and damage his ability to conduct future business, and while fully cognizant that after the closing of the half-share of the subject property sold to Plaintiff he would not record the deed reflecting same at the City Register of Kings County.

77. On or about April 3, 2006, Plaintiff, while fully trusting and relying upon the representations and professional assurances of **Defendant** JON LEFKOWITZ, did deliver the full sum total of seventy-five thousand dollars in all cash to the home office of **Defendant** JON LEFKOWITZ located at 1173 East 26th Street, Brooklyn, New York, while made to believe the said $75,000.00 in cash was to be the payment consideration for the purchase, from **Defendant** ABRAHAM SHNEORSON as nominee of **Defendant** NADIVA SCHWARTZ of his/her purported half-share ownership of the subject property, and that the deed attesting to that conveyance would be duly filed and recorded at the City Register of Kings County.

78. On or about April 3, 2006, a Bargain and Sale Deed with covenants prepared in advance by **Defendant** JON LEFKOWITZ, reflecting a conveyance of the

half-share ownership of the subject property to Plaintiff, was duly executed by **Defendant** NADIVA SCHWARTZ representing herself as the attorney in fact for **Defendant** ABRAHAM SHNEORSON, after which the said deed, notarized April 3, 2006, was delivered to Plaintiff in exchange for the seventy-five thousand dollars ($75,000.00).

79. On or about April 3, 2006, **Defendant** JON LEFKOWITZ, while acting in concert and conspiracy with the RICO defendants, and with the willful aim and malicious intent to cheat, swindle, damage and defraud, did clearly assure Plaintiff that following the closing of the said half-share of the subject property from **Defendant** NADIVA SCHWARTZ to Plaintiff, that he would duly file the deed representing that conveyance at the City Register of Kings County.

80. On or about April 3, 2006, **Defendant** ABRAHAM SOFER, while acting in concert and conspiracy with the RICO defendants, and with the willful aim and malicious intent to cheat, swindle, damage and defraud, demanded in writing additional monies in the amount of $_____ to maintain the subject premises from Plaintiff, and which Plaintiff paid.

81. Moreover, in furtherance of the aforementioned conspiracy, and while bringing the aforementioned RICO fraud scam to a higher level, **Defendant** ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ, **Defendant** JON

-31-

LEFKOWITZ, acting in concert and conspiracy with the RICO defendants, had some days prior to April 3, 2006 arranged for a clandestinely filing of a New York State domestic corporation under the name "411 Rogers Avenue LLC" at the office of the New York State Department of State, Division of Corporations, located in Albany, New York, with the willful aim and malicious intent, and sole purpose of effectuating a fraudulent transfer of title of the subject premises to that corporate entity immediately after the time that Plaintiff makes his cash payment of the sum total of seventy-five thousand dollars in cash to the office of **Defendant** JON LEFKOWITZ, and prior to the recording of any of the two deeds issued to Plaintiff.

82.  On April 3, 2006, the **Defendant** 411 Rogers Avenue LLC was legally filed at the office of the New York State Department of State located in Albany, New York.

83.  In furtherance of the aforementioned RICO conspiracy, and in concert and conspiracy with the RICO defendants, the title to the subject property was fraudulently conveyed to **Defendant** 411 Rogers Avenue LLC, on a fraudulent deed bearing the date April 5, 2006, and where one of the two signers to the aforesaid fraudulent deed was **Defendant** ABRAHAM SOFER, and the other signer was purportedly **Defendant** ABRAHAM SHNEORSON, mysteriously without any power of attorney for the latter.

-32-

84.  The fraudulent deed purportedly dated April 5, 2006, and used in the aforesaid fraudulent conveyance was in itself a forgery.

85.  The aforesaid fraudulent deed was for all purposes, including criminal, employed by **Defendant** ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ disguised as **Defendant** ABRAHAM SHNEORSON, and **Defendant** ABRAHAM SHNEORSON, acting in concert and conspiracy with the remaining RICO defendants, with the willful aim and malicious intent to defraud Plaintiff of his rights, title, and interest to the subject property.

86.  Moreover, from the corporate inception of the **Defendant** 411 ROGERS AVENUE LLC, the **Defendant** ABRAHAM SOFER has alleged to be a principal owner of same.

87.  Upon information and belief, from the corporate inception of **Defendant** 411 ROGERS AVENUE LLC, the following three persons were partners in its ownership **Defendant** ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ, and **Defendant** JON LEFKOWITZ.

88.  Upon information and belief, the aforesaid fraudulent conveyance, by deed dated April 5, 2006, was made without legally valid consideration.

89.  Upon information and belief, the aforesaid fraudulent conveyance, by deed dated April 5, 2006, was not an arms length deal.

90.  Upon information and belief, the aforesaid fraudulent deed dated April 5, 2006, contains a forged notary acknowledgment.

91.  The aforesaid fraudulent deed contains an acknowledgment signed and stamped with a notary seal, in which the name of the notary is entirely invisible, but where the notary seal number "4988365", and "Qualified in Kings County" can be seen.

92.  According to the Notary Licensing office at the New York State Department of State, the aforesaid notary seal number matches with, and is evidence that **Defendant** WILLIAM ELBOGEN, a New York State attorney at law and acting agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, is the notary on the aforementioned falsified deed.

93.  Upon information and belief, the **Defendant** WILLIAM ELBOGEN is likewise the principal owner and operator of **Defendant** EXACT ABSTRACT INC.

94.  Upon information and belief, the **Defendant** WILLIAM ELBOGEN, during the years preceding the aforementioned fraudulent conveyance, maintained an

-34-

intimate business relationship with **Defendant** NADIVA SCHWARTZ and where on or about November 30, 1999, did enter into a fraudulent power of attorney relationship with her, and where **Defendant** WILLIAM ELBOGEN, was appointed by **Defendant** NADIVA SCHWARTZ via forgery to act as the power of attorney for her pseudonym ABRAHAM SHNEORSON, and where the notary on that false POA was likewise a forgery, and in fact **Defendant** WILLIAM ELBOGEN acted in that fraudulent capacity as the POA of ABRAHAM SHNEORSON, while fully cognizant that no physical ABRAHAM SHNEORSON executed that POA or directed him to conduct real estate and banking transactions, and while fully aware that said ABRAHAM SHNEORSON was nothing more than the pseudonym of **Defendant** NADIVA SCHWARTZ used solely by her to commit fraud, including but not limited to hide assets, defrauding existing and/or potential creditors, and for obtaining bank loans.

95. Upon information and belief, **Defendant** WILLIAM ELBOGEN conducted the fraudulent closing of the subject property at his office located at 1069 East 24th Street, Brooklyn, New York 11210, in his capacity as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY.

96. **Defendant** WILLIAM ELBOGEN, at the time he conducted the fraudulent closing of the subject property was jointly acting in both his own individual capacity and in his capacity as agent for **Defendant** OLD REPUBLIC NATIONAL

-35-

TITLE INSURANCE COMPANY, and while fully cognizant, with first hand

knowledge, among other things, of the following:

> (a) that one "Seller" on the aforesaid falsified deed of the subject property,
>
> dated April 5, 2006, represented as being **Defendant** ABRAHAM
>
> SHNEORSON, was a pseudonym employed by **Defendant** NADIVA
>
> SCHWARTZ for the purpose of committing fraud; and
>
> (b) that the aforesaid pseudonym did not reside at the address stated therein;
>
> and
>
> (c) that the signature for **Defendant** ABRAHAM SHNEORSON on the
>
> said falsified deed was forged by the hand of **Defendant** NADIVA
>
> SCHWARTZ; and
>
> (d) that the RP-5217 filed with the subject deed contained falsified sale
>
> information;
>
> (e) that the subject deed and conveyance it represented was for all purposes
>
> fraudulent, and void.

97. **Defendant** WILLIAM ELBOGEN conducted the fraudulent closing of

the subject property, jointly acting in both his own individual capacity and as the agent

for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, and

at which time he willfully, deliberately and maliciously, with intent to damage and

harm the Plaintiff, executed a falsified acknowledgment on the falsified deed, dated

-36-

April 5, 2006, for the purpose of fraudulently recording same at the City Register of
Kings County.

98.   **Defendant** WILLIAM ELBOGEN conducted the fraudulent closing of
the subject property, in both his own individual capacity and as the agent for
**Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, in
order to sell a fraudulent title insurance policy from **Defendant** OLD REPUBLIC
NATIONAL TITLE INSURANCE COMPANY.

99.   The aforesaid conveyance via the aforesaid falsified deed, which
purportedly occurred on April 5, 2006, was subsequently recorded at the City Register
of Kings County, two and a half months later, on June 20, 2006, under Block 1320,
Lot 06, by **Defendant** WILLIAM ELBOGEN jointly acting in his individual capacity
and as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE
COMPANY, and where additionally the RP-5217 (REAL PROPERTY TRANSFER
REPORT) contains falsified sale information and an undated certification attesting to
same, purportedly signed by **Defendant** ABRAHAM SOFER.

100.       Upon information and belief, at the time of the aforementioned
fraudulent filing with the City Register of Kings County, **Defendant** WILLIAM
ELBOGEN was acting jointly in his individual capacity and as agent for **Defendant**
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, while fraudulently

-37-

attempting to hide behind the corporate veil of **Defendant** EXACT ABSTRACT INC.,
a company in which he is the principal operator and owner.

101.  Upon information and belief, the **Defendant** EXACT
ABSTRACT INC., the Presenter of the purported deed, dated April 5, 2006 and
recorded on June 20, 2006 at the City Register of Kings County, was via its principal
owner, **Defendant** WILLIAM ELBOGEN, fully aware that the aforesaid fraudulent
deed was a forgery; that the acknowledgment was likewise falsified; and that the said
fraudulent deed was, at the very minimum, not legally suitable or permissible for
recording at the City Register.

102.  Upon information and belief, the **Defendant** WILLIAM
ELBOGEN, acting individually and jointly in his capacity as agent for **Defendant**
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, and **Defendant**
EXACT ABSTRACT INC., was fully aware that the aforesaid deed, dated April 5,
2006, was a forgery; and was fully aware that Plaintiff had become the title owner to a
full seventy-five percent of the subject property on April 3, 2006; and despite that
knowledge did willfully participate in concert and conspiracy in the aforementioned
fraud scam together with the remaining RICO defendants, with the willful aim and
malicious intent to cheat, swindle, and defraud Plaintiff of his rights, title and interest
to the subject property.

103.     Moreover, in furtherance of the aforementioned fraud scam, and with the intent to thoroughly pillage the subject property and embezzle all the equity and rents, the **Defendant** ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ, and **Defendant** JON LEFKOWITZ, acting individually and jointly, by and through **Defendant** ABRAHAM SOFER, and while acting deliberately, willfully and with intent to scam and defraud Plaintiff, and while acting in concert and conspiracy with the remaining RICO defendants, including therewith, **Defendant** WOLF LANDAU, **Defendant** MORRIS TEPLER, **Defendant** M.T.M. REALTY, and **Defendant** WILLIAM ELBOGEN individually, and jointly in his capacity as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, and **Defendant** EXACT ABSTRACT INC., did issue on May 8, 2006, a mortgage note and mortgage against the subject property to **Defendant** CONTINENTAL CAPITAL GROUP, LLC, a corporation owned and controlled by **Defendant** WOLF LANDAU, in the purported sum amount of six-hundred and fifty thousand dollars ($650,000.00), together with an assignment of all rents and revenue of the subject property in recordable form for filing at the Kings County City Register.

104.     Under this segment of the RICO scam, the subject property after having been robbed by **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ under the corporate name **Defendant** 411 ROGERS AVENUE LLC, was then mortgaged in the purported amount of $650,000.00 at the maximum legal interest rate and where the related mortgage documents contained therein clauses

permitting high penalties in the event of a default, to the name **Defendant**
CONTINENTAL CAPITAL GROUP, with whom there exists an under the table
arrangement between **Defendant** WOLF LANDAU, the principal owner of RICO
Enterprise **Defendant Continental** CAPITAL GROUP, together with **Defendant**
ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ, and **Defendant** JON
LEFKOWITZ, and where **Defendant** CONTINENTAL CAPITAL GROUP would lend
approximately $250,000.00 and in return obtain a fraudulent mortgage in the sum total
of $650,000.00, of which approximately $400,000.00 after a certain point in time
would be assigned back to the **Defendants** ABRAHAM SOFER, NADIVA
SCHWARTZ, and JON LEFKOWITZ, which said arrangement is equivalent to a
partnership of approximately 39% on the side of RICO Enterprise **Defendant**
Continental CAPITAL GROUP, and approximately 61% on the side of **Defendants**
ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ; and where the
rents to the subject property, under the aforementioned rent assignment is likewise divided
among certain of the RICO defendants, acting in concert and conspiracy with the
remaining RICO defendants.


105.    Upon information and belief, the RICO defendants during about
March 2006 were in verbal communication and at which time reaffirmed the aforesaid
segment of the scam, and agreed to immediately set same into motion.


-40-

106.    Subsequently, on April 25, 2007, RICO Enterprise **Defendant**

**Continental** CAPITAL GROUP assigned 61% of the aforesaid mortgage to

**Defendant** MORRIS TEPLER d/b/a **Defendant** M.T.M. REALTY for a purported

$400,000.00, of which it is believed that at most only a very minimum amount to

cover some previous out of pocket recording fees was paid for the exchange, and that

no true record of such payment for the said assignment exists.


107.    **Defendant** MORRIS TEPLER d/b/a **Defendant** M.T.M. REALTY

had in furtherance of the aforementioned scam, acted in the capacity as nominee for

**Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ.


108.    Under the aforementioned scam, it was important for the protection

of all the aforesaid parties to the fraudulent mortgage, and primarily for **Defendant**

WOLF LANDAU, who through RICO Enterprise **Defendant Continental** CAPITAL

GROUP had during about May 2006 provided actual money in the form of a loan in

the amount aforementioned, that the nominee chosen to hold the 61% interest of the

mortgage, as previously described, be a person capable and trustworthy to provide

short answers with very little information in the event of an investigation into the said

scam, and  **Defendant** MORRIS TEPLER was found fit for the job.


109.    Upon information and belief, the **Defendant** MORRIS TEPLER,

acting in exchange for a piece of the action, was employed by **Defendant** WOLF

-41-

LANDAU to act as a "clearinghouse", and to oversee the peaceful division of the pillaged equity of the subject premises between the **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ, thereby protecting the interests of the RICO Enterprise **Defendant Continental** CAPITAL GROUP.

110.     As previously stated, simultaneously with the issuance of the aforesaid mortgage, dated May 8, 2006, there was additionally issued in recordable form, an assignment in advance, of all the rents to the subject property, from **Defendant** 411 Rogers Avenue LLC, to **Defendant** CONTINENTAL CAPITAL GROUP.  The said rent assignment, likewise dated May 8, 2006, was made under the aforementioned mortgage arrangement in order to permit the RICO defendants to falsely enrich themselves and RICO Enterprise **Defendant Continental** CAPITAL GROUP, from the rent revenues of the subject property, while still maintaining the accruing equity of the subject property via their hold on the high interest rate mortgage, also dated May 8, 2006.

111.     According to the aforesaid scam, there was good reason for RICO Enterprise **Defendant Continental** CAPITAL GROUP <u>not</u> to pay the New York City real estate taxes.  Despite RICO Enterprise **Defendant** CONTINENTAL CAPITAL GROUP having all practical control over the management of the subject property via the assignment of the rents, the real estate taxes were deliberately never paid. **Defendant** CONTINENTAL CAPITAL GROUP did not provide its purported loan in

-42-

return for a conventional first mortgage, as is the practice among hard-money lenders. **Defendant** CONTINENTAL CAPITAL GROUP was not concerned with being a first priority mortgage on the property. Under the aforementioned mortgage partnership arrangement with the **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ, the parties to that May 8, 2006 mortgage were there to pillage and destroy the equity and extract the rents without paying any real estate taxes or judgment creditors, of which they created many, while anxiously waiting for a foreclosure for nom-payment of real estate taxes, as explained next.

112.    Under the aforementioned scam, the **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ, together with RICO Enterprise **Defendant** Continental CAPITAL GROUP by its principal **Defendant** WOLF LANDAU and other RICO defendants, were until service of this instant action very anxiously awaiting the foreclosure and subsequent court order directing an auction sale of the subject property for failure to pay real estate taxes, believing that at that time they will use their falsely inflated mortgage balance as a credit to bid high and purchase back the property, after which they could obtain free and clear title, and be free to sell the property at a high premium.

113.    Under the aforementioned scam, until that tax sale, the **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ, together with **Defendant** CONTINENTAL CAPITAL GROUP by its principal **Defendant** WOLF

LANDAU and other remaining RICO defendants, were to enjoy many years of being falsely enriched from property that they robbed from a novice investor, namely Plaintiff, via a repeated pattern of RICO violations.

114.    It is worthy to note here, that the aforesaid mortgage on the subject property, dated May 8, 2006, and the aforementioned assignment of the rents, likewise dated May 8, 2006, were recorded on June 20, 2006, simultaneously together with the aforementioned fraudulent deed, dated April 5, 2006, by **Defendant** WILLIAM ELBOGEN individually, and jointly in his capacity as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY.

115.    Upon information and belief, **Defendant** WILLIAM ELBOGEN acting jointly in both his individual capacity and in his capacity as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY was fully aware prior to recording the aforesaid three documents of the RICO scam described hereinabove, and maliciously recorded same in concert and conspiracy with the RICO defendants with the willful and malicious intent to participate in and promote said scam.

116.    Upon information and belief, **Defendant** WILLIAM ELBOGEN individually, and jointly in his capacity as agent for **Defendant** OLD REPUBLIC

NATIONAL TITLE INSURANCE COMPANY provided title insurance in one large package deal, which included the following three (3) items:

> (a) the conveyance of the subject real property by fraudulent deed, dated April 5, 2006, from **Defendants** ABRAHAM SOFER and ABRAHAM SHNEORSON to **Defendant** 411 Rogers Avenue, LLC; and

> (b) the mortgage dated May 8, 2006 from 411 Rogers Avenue, LLC to **Defendant** CONTINENTAL CAPITAL GROUP; and

> (c) the assignment of the rents to the subject property, dated May 8, 2006, from 411 Rogers Avenue, LLC to **Defendant** CONTINENTAL CAPITAL GROUP.

117.    Upon information and belief, all three of the aforesaid items were fraudulently insured by **Defendant** WILLIAM ELBOGEN as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY under the one package policy, after which **Defendant** WILLIAM ELBOGEN subsequently filed all three documents simultaneously with the City Register of Kings County resulting in all three documents being recorded on June 20, 2006 and receiving consecutive ID numbers.

118.    Maintaining title insurance on both the forged deed, dated April 3, 2006, and fraudulent mortgage, dated May 8, 2006, was a pertinent cog and necessary element in the RICO defendants' fraud scam.

119.    **Defendant** WILLIAM ELBOGEN, in his capacity as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, at the time he fraudulently provided the defendants with title insurance on both the forged deed, dated April 3, 2006, and fraudulent mortgage, dated May 8, 2006, was fully aware that he was directly causing the **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY to be providing falsified title insurance and also to be participating directly in concert with the RICO defendants in the aforesaid property fraud scam to the detriment of Plaintiff.

120.    **Defendant** ABRAHAM SOFER, **Defendant** NADIVA SCHWARTZ, **Defendant** JON LEFKOWITZ, **Defendant** MORRIS TEPLER, **Defendant** M.T.M. REALTY, **Defendant** WOLF LANDAU, and **Defendant** CONTINENTAL CAPITAL GROUP, acting individually and jointly, in concert and conspiracy with the remaining RICO defendants, could not have accomplished their long trail and chain of real property fraud, without first obtaining a fraudulent title insurance policy from **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, through its' agent **Defendant** WILLIAM ELBOGEN.

-46-

121. Clearly, **Defendant** WILLIAM ELBOGEN, acting jointly in his individual capacity and in his capacity as the agent of **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, and while acting in concert and conspiracy with the RICO defendants, is the primary and direct cause that permitted the RICO Defendants to implement and accomplish their property scam.

122. RICO Enterprise **Defendant** CONTINENTAL CAPITAL GROUP acting by **Defendant** WOLF LANDAU at the time of the issuance of the purported mortgage loan and rent assignment on May 8, 2006, was fully aware of the fraudulent and forged deed to **Defendant** 411 ROGERS AVENUE LLC, as well as the scam being perpetrated against Plaintiff, and went along with same in the hope to falsely enrich RICO Enterprise **Defendant** CONTINENTAL CAPITAL GROUP with the fraudulently derived revenue thereof.

123. Upon information and belief, during the period of time between approximately April 5, 2006 and May 8, 2006, it was required by **Defendant** WILLIAM ELBOGEN d/b/a **Defendant** EXACT ABSTRACT INC. under the title insurance policy he was providing, that **Defendant** 411 ROGERS AVENUE, LLC, the purported purchaser of the subject real property, physically deliver approximately $25,000.00 in escrow with **Defendant** WILLIAM ELBOGEN as escrow agent.

124.     Upon information and belief, the aforesaid $25,000.00 together with the closing costs, and recording taxes and filing fees required by **Defendant** WILLIAM ELBOGEN d/b/a **Defendant** EXACT ABSTRACT INC. from **Defendants** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ for the filing of the May 8, 2006 fraudulent mortgage against the subject property were obtained from the $75,000.00 cash payment made by Plaintiff to **Defendant** NADIVA SCHWARTZ as A.I.F. for **Defendant** ABRAHAM SHNEORSON for the aforementioned purchase of the one half share of the subject property, at the office of Defendant JON LEFKOWITZ on April 3, 2006.

125.     Upon information and belief, **Defendants** NADIVA SCHWARTZ, ABRAHAM SOFER and JON LEFKOWITZ willfully, deliberately and with the full intent to defraud Plaintiff, calculatedly timed the sale of one half share of the subject real property from **Defendant** ABRAHAM SHNEORSON to Plaintiff for the price of $75,000.00 to occur April 3, 2006, immediately prior to the fraudulent conveyance of the same subject property from the same sellers to **Defendant** 411 ROGERS AVENUE, LLC on April 5, 2006, while fully cognizant that the first sale was never going to be recorded at the City Register and in order to fraudulently obtain the $75,000.00 proceeds of that first sale and use a substantial portion of those proceeds for the required escrow and recording taxes and fees related to the fraudulent second conveyance and mortgage.

126.     Upon information and belief, the aforementioned meeting and subsequent phone conversations that occurred on March 28, 2006 between **Defendant ABRAHAM SOFER** and **Defendant** NADIVA SCHWARTZ with Plaintiff, held at 820 Williams Avenue, Brooklyn, New York, which preceded the closing of the half-share of the subject property held under the name **Defendant** ABRAHAM SHNEORSON on April 3, 2006, was initiated by **Defendant** ABRAHAM SOFER acting in concert and conspiracy with **Defendants** JON LEFKOWITZ, NADIVA SCHWARTZ and the remaining RICO defendants, with the sole intent to rob and swindle Plaintiff in order to obtain the aforementioned $75,000.00 proceeds, in the manner described hereinabove, and to use a substantial portion of those proceeds for the required escrow payment and recording taxes and fees related to the fraudulent second conveyance and subsequent mortgage that was to take place on April 5, 2006 and May 8, 2006, respectively.

127.     Upon information and belief, on or about March 28, 2006, the **Defendant** WILLIAM ELBOGEN d/b/a **Defendant** EXACT ABSTRACT INC., and acting in his individual capacity, and as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, on the request of **Defendant** ABRAHAM SOFER, **Defendant** JON LEFKOWITZ, and **Defendant** NADIVA SCHWARTZ, was involved in conducting a search of the subject real property at the Kings County City Register and preparing an abstract of same, for the then anxiously awaited sale of the subject property to the not yet conceived corporation, **Defendant**

411 ROGERS AVENUE, LLC., and at that time, **Defendant** WILLIAM ELBOGEN advised **Defendant** ABRAHAM SOFER, **Defendant** JON LEFKOWITZ, and **Defendant** NADIVA SCHWARTZ that they should be prepared to cough up $25,000.00 to be left in escrow relating to their anxiously awaited sale to their not yet then conceived corporation, **Defendant** 411 ROGERS AVENUE, LLC.

128.     As evidence of the aforesaid timing, **Defendant** WILLIAM ELBOGEN, acting in his individual capacity and as agent for **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, issued a completed title report for the subject real property dated April 1, 2006, which was four days after the aforementioned March 28, 2006 meeting and phone communications, and just three days before the purported buyer **Defendant** 411 ROGERS AVENUE LLC had even been conceived in Albany, New York, at the New York State Secretary of State. When considering the fact that April 1, 2006 was a Saturday, and that **Defendant** WILLIAM ELBOGEN purports to be Sabbath observant, and the Sabbath concludes after 8:00 PM during April, it is more than likely that a draft of the said abstract had already been completed on or before March 28, 2006, and that **Defendant** ABRAHAM SOFER, NADIVA SCHWARTZ, and JON LEFKOWITZ were by that date advised of the $25,000.00 amount required to be held in escrow.

-50-

129.    The said title report, dated April 1, 2006 was from **Defendant**

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, and subsequently

submitted to the court as evidence in a mortgage related lawsuit pertaining to the

subject real property, commenced at New York State Supreme Court, County of

Kings, Index No. 26759/07, by **Defendant** JON LEFKOWITZ, as counsel on request

of **Defendant** NADIVA SCHWARTZ and which said matter is discussed more fully

further herein as evidence as to the ongoing trail of RICO crime fraud.


130.    Upon information and belief, during about October 2006,

following an oral argument between Plaintiff and **Defendant** ABRAHAM SOFER,

relating to the subject property, the **Defendant** ABRAHAM SOFER and the other

RICO defendants became fearful that Plaintiff could become privy to the unrecorded

deeds, fraudulent conveyances, and scam perpetrated against him, thereby causing the

**Defendant** JON LEFKOWITZ, **Defendant** NADIVA SCHWARTZ, **Defendant**

ABRAHAM SOFER, Defendant WILLIAM ELBOGEN and **Defendant** WOLF

LANDAU, acting in concert and conspiracy with the remaining RICO defendants, to

further devise a deceptive scheme by which they falsely hoped via use of further fraud to

retroactively legitimatize the aforementioned fraudulent conveyance of the subject

property, dated April 5, 2006, as well as additionally legitimatize the fraudulent mortgage,

and fraudulent assignment of the rents, both of which are dated May 8, 2006.

131.    Subsequently, on or about November 16, 2006 **Defendant**
ABRAHAM SOFER, acting in concert and conspiracy with the remaining RICO
defendants, signed a declaration which purports, among other things, that Plaintiff is a
50% owner of the **Defendant** 411 ROGERS AVENUE, LLC, and that his signature is
required for the sale, encumbrance, mortgage, lease of all its assets.

132.    The aforesaid nonsense declaration, dated November 16, 2006,
from **Defendant** ABRAHAM SOFER, while appearing to convey something to
Plaintiff, does not give him anything, as the subject property was already encumbered
up to the hilt with a $650,000.00 high interest mortgage, and rent assignment, and said
declaration was solely intended by deceptive means to expunge the aforementioned
fraudulent elements of the conveyances by falsely creating a semblance of legitimacy
to same.

133.    Upon information and belief, the drafter of the aforesaid
deceptive declaration was **Defendant** JON LEFKOWITZ, the very same con-artist
lawyer that is also believed to be the mastermind that orchestrated the long fraud scam
trail described herein.  **Defendant** JON LEFKOWITZ believed that he could conceal
his roll and involvement in having drafted the deceptive declaration by having a
neighboring attorney from a reputable law firm file the document with the City
Register.  However, foolishly the back of the document bears from a rubber-stamp the

-52-

name of **Defendant** JON LEFKOWITZ and his Brooklyn office address, clearly

reflecting his direct involvement with its preparation.

134.     Moreover, as further evidence and proof of the allegations

hereinabove, more than eight months later, **Defendant** JON LEFKOWITZ appeared in

New York State Supreme Court, County of Kings, as attorney of record in the matter

of *411 Rogers, LLC vs. Norman W. Everhart and Exact Abstract Inc. (Index No.*

*26759)* on behalf of plaintiff/petitioner therein.  Notwithstanding that there is no such

corporate name as *411 Rogers, LLC* on file with the New York State Department of

State, Division of Corporations, **Defendant** JON LEFKOWITZ, in his signed Petition

to that court, dated July 20, 2007, alleged unequivocally, among other things, that

Petitioner is a New York limited liability company, with an address at 1257 Ocean

Parkway, Brooklyn, New York, and is the owner in fee of premises situated in the City

of New York, after which he describes the subject property with its metes and bounds.

The aforesaid address on Ocean Parkway is that of **Defendant** NADIVA

SCHWARTZ.

135.     Additionally, in his aforesaid Petition, dated July 20, 2007,

**Defendant** JON LEFKOWITZ, further asserts falsely that Petitioner became the

owner of said premises by deed from Rylanda Bishop, dated April 5, 2006, and

recorded in the Register's Office of the County of Kings, in CRFN 2006000348016 of

conveyances on 6/20/2006.  As stated previously hereinabove, the deed to the subject

property, dated April 5, 2006, was fraudulently issued from **Defendants** ABRAHAM SOFER and ABRAHAM SHNEORSON, and recorded on June 20, 2006. As already stated hereinabove, Rylanda Bishop was not a fee owner of the subject property in 2006, and her name was used only fictitiously during a mock closing carried out at the home office of **Defendant** JON LEFKOWITZ, on March 1, 2006. Apparently, at that time **Defendant** JON LEFKOWITZ, despite being a con-artist attorney, found himself more comfortable using the name of the fictional seller "Rylanda Bishop", a person that exists, than "Abraham Shneorson" a pseudonym that he knew was conceived entirely from fraud.

136.    Moreover, in his aforesaid Petition, dated July 20, 2007, **Defendant** JON LEFKOWITZ, furthermore asserts in pertinent part: ". . . the company (Exact Abstract) which provided title insurance for the acquisition of the property by the petitioner, is still holding $25,000.00 of petitioner's money in escrow . . ."

137.    As previously stated hereinabove, the aforesaid $25,000.00 provided to **Defendant** WILLIAM ELBOGEN is believed to have been obtained from the $75,000.00 cash payment made by Plaintiff to **Defendant** NADIVA SCHWARTZ at the office of Defendant JON LEFKOWITZ two days earlier on April 3, 2006, for his purchase of half the subject property.

-54-

138.    The aforesaid Petition of **Defendant** JON LEFKOWITZ, dated July 20, 2007 was verified on July 23, 2007 by **Defendant** NADIVA SCHWARTZ, and where she refers to herself therein as <u>a member of 411 Rogers Ave. LLC</u>.

139.    The aforesaid leaves no shadow of doubt as to the deliberate intent on the part of **Defendant** JON LEFKOWITZ, the attorney of Plaintiff, to willfully participate and maliciously destroy and pillage the property and business of same.

140.    **Defendant** JON LEFKOWITZ and **Defendant** NADIVA SCHWARTZ, acting on behalf of **Defendant** 411 ROGERS AVENUE, LLC deliberately and willfully perpetrated a fraud on the court in the context of a real property fraud scam.

141.    Thereafter, during 2010 and 2011, Plaintiff received approximately seven visits at his home and place of work from various male bullies, including **Defendant** WOLF LANDAU, principal of the RICO Enterprise **Defendant** CONTINENTAL CAPITAL GROUP, threatening him with closing down his business, as well as with bodily harm to himself and family, while simultaneously demanding among other things that he sign various documentation believed to be release documents relating to the subject property and its purported acquisition in April 2006.

-55-

142.     During the aforesaid encounter with **Defendant** WOLF

LANDAU, principal of the RICO Enterprise **Defendant** CONTINENTAL CAPITAL

GROUP, he said to Plaintiff, that as part of his business operation he sees to it by

physical violence that troublemakers are put out of commission.

143.     Thereafter, on or about November 22, 2010, Plaintiff, while at

820 Williams Avenue, Brooklyn, New York, was physically assaulted and beaten by

two men, as a third man demanded that he sign certain papers, while simultaneously

videoing the violent attack with his cell phone.

144.     The aforesaid continuous threats and physical assault of

November 22, 2010 left Plaintiff suffering from extreme emotional stress, trauma and

anxiety, fearful for the safety of his family, his person and safety of his business,

which as a result caused him many sleepless nights and fear to stay alone at his place

of business.

145.     Upon information and belief, both **Defendants** WOLF LANDAU,

as principal of RICO Enterprise **Defendant** CONTINENTAL CAPITAL GROUP and

ABRAHAM SOFER orchestrated the aforementioned visits, threats and physical

attack, in concert and conspiracy with the remaining RICO defendants.

146.     As a direct result of the aforementioned threats and physical attack the business of Plaintiff was damaged.

147.     The trail of fraud does not end at the subject real property located at 411 Rogers Avenue, Brooklyn, New York.

148.     On or about June 2007, Plaintiff considered purchasing real property located at 283-285 Midwood Street, Brooklyn, New York ("Midwood Property").

149.     Plaintiff was at that time still fully ignorant of the aforementioned property scam, and asked **Defendant** ABRAHAM SOFER if same would want to partner in the purchase. **Defendant** ABRAHAM SOFER first answered in the affirmative but thereafter declined.

150.     Thereafter on  _        Plaintiff purchased the said Midwood Property on his own name, using all of his own funds.  Plaintiff likewise paid his attorney for services rendered and all the fees and costs related to the purchase of that property.  Also, Plaintiff took out a mortgage loan for the purchase of the Midwood Property and where he is the sole borrower named on the note and recorded mortgage.

151.    **Defendant** ABRAHAM SOFER, having declined the aforesaid offer, never contributed the worth of a single penny toward Plaintiff's purchase of the Midwood Property, attorney fees or purchase related fees.  Certainly, **Defendant** ABRAHAM SOFER never paid a cent toward any mortgage payments.

152.    On or about January 5, 2011, **Defendants** ABRAHAM SOFER and **Defendant** WOLF LANDAU, as part of the defendants' long trailing real property fraud scam while acting in concert and conspiracy with the RICO defendants, and with willful intent to damage, and in furtherance of the aforementioned threats toward destroying Plaintiffs business and horrific assault on November 22, 2010, did conspire and have **Defendant** ABRAHAM SOFER commence a falsified action against the herein Plaintiff at the New York State Supreme Court, County of Kings, Index No. 241/11, with the filing of a falsified *lis pendens* against the property.

153.    **Defendants** ABRAHAM SOFER in his falsely verified complaint in the aforesaid action, fraudulently asserts to have purchased the Midwood Property in equal partnership, and that he paid equally for the purchase of same.

154.    As stated above, **Defendants** ABRAHAM SOFER, never paid a cent toward the purchase of the Midwood Property, and cannot show evidence of any such payment.

-58-

155.     The aforesaid state court action brought against Plaintiff herein, was fraudulently commenced solely to harass and intimidate Plaintiff in order to force him to concede to signing the demands presented by **Defendant** Wolf Landau, principal of the RICO enterprise **Defendant** CONTINENTAL CAPITAL GROUP.

156.     **Defendants** NADIVA SCHWARTZ and JOSEPH JUSEWITZ, on October 18, 2012, filed at the United States Bankruptcy Court, Eastern District of New York, Case No. 1-12-47383  a deliberately false action, regarding Debtor RYYZ LLC, and with the intent to commit fraud, and where Plaintiff's money judgment in the amount of  $129,053.06 against that Debtor was fraudulently not listed on the court papers.

157.     Additionally, Plaintiff has that very same money judgment named also against **Defendant** NADIVA SCHWARTZ personally.  However as a result of **Defendant** NADIVA SCHWARTZ fraudulently hiding her assets under the pseudonym of **Defendant** ABRAHAM SHNEORSON, Plaintiff is unable to execute against the real property owned by her under that pseudonym.  Moreover, Plaintiff believes that as a result of the horrific damage caused by **Defendant** NADIVA SCHWARTZ that Plaintiff should be permitted to collect future judgments against **Defendant** NADIVA SCHWARTZ from that fraudulently used pseudonym.

-59-

158.      Plaintiff intends to move by motion before this Court for the appointment of a receiver on the properties owned by **Defendant** NADIVA SCHWARTZ under the name of her fraudulently used pseudonym.


## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

159.      Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.


160.      That as a result of the defendants' violations under 18 USC §1962(a) while acting in concert, Plaintiff has been damaged in the amount of twenty million dollars.


## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

161.      Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.


162.      That as a result of the defendants' violations under 18 USC §1962(b) while acting in concert, Plaintiff has been damaged in the amount of twenty million dollars.


## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

163.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

164.     That as a result of the defendants' violations under 18 USC §1962(c) while acting in concert, Plaintiff has been damaged in the amount of twenty million dollars.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

165.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

166.     That as a result of the defendants' violations under 18 USC §1962(d) while acting in concert and conspiracy, Plaintiff has been damaged in the amount of twenty million dollars.

## AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION

167.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

168.     That as a result of the defendants' long trailing real property fraud scam while acting in concert and conspiracy, and with willful intent to damage, Plaintiff has been damaged in the amount of twenty million dollars.

## AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION

169.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

170.     That as a result of the defendants' long trailing real property fraud scam while acting in concert and conspiracy, and with willful intent to damage, Plaintiff has lost rental revenue from his property in the amount of one million and one hundred and fifty two thousand dollars ($1,152,000.00).

## AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION

171.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

172.     That as a result of the defendants' long trailing real property fraud scam while acting in concert and conspiracy, and with willful intent to damage, Plaintiff has been damaged by a *prima facia tort* in the amount of twenty-five million dollars.

## AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION

173.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

174.     That as a result of the defendants' long trailing real property fraud scam while acting in concert and conspiracy, and with willful intent to damage, defendants have been unjustly enriched to the detriment of Plaintiff, in the amount twenty million dollars.

## AS AND FOR PLAINTIFF'S NINTH CAUSE OF ACTION

### (ALTERNATIVE PLEADING)

175.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

176.     That as a result of the defendants' negligence Plaintiff was damaged.

## AS AND FOR PLAINTIFF'S TENTH CAUSE OF ACTION

177.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.


178.     That as a result of the defendants' long trailing real property fraud scam while acting in concert and conspiracy, Plaintiff is entitled to punitive damages in the amount of sixty million dollars.


## AS AND FOR PLAINTIFF'S ELEVENTH CAUSE OF ACTION

### (ALTERNATIVE PLEADING)

179.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.


180.     That as a result of negligence on the part of **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Plaintiff was financially damaged in the amount of twenty million dollars.


## AS AND FOR PLAINTIFF'S TWELFTH CAUSE OF ACTION

### (ALTERNATIVE PLEADING)

181.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

182.     That as a result of negligence on the part of **Defendant** OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Plaintiff is entitled to punitive damages in the amount of sixty million dollars.

## AS AND FOR PLAINTIFF'S THIRTEENTH CAUSE OF ACTION

183.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

184.     That as a result of the falsely filed *lis pendens* by Defendant ABRAHAM SOFER, on the real property located at 283-285 Midwood Street, Brooklyn, New York, while acting in concert and conspiracy with the herein RICO enterprise, **Defendant** CONTINENTAL CAPITAL GROUP and RICO defendants, and with willful intent to damage, Plaintiff has been damaged in the amount of ten million dollars.

## AS AND FOR PLAINTIFF'S FOURTEENTH CAUSE OF ACTION

185.      Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

186.      That as a result of the falsely filed bankruptcy by **Defendants** NADIVA SCHWARTZ and JOSEPH JUSEWITZ at the United States Bankruptcy Court, Eastern District of New York, Case No. 1-12-47383  plaintiff has been damaged in the amount of approximately one hundred and forty thousand dollars ($140,000.00).

## AS AND FOR PLAINTIFF'S FIFTEENTH CAUSE OF ACTION

187.      Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

188.      That as a result of the aforementioned real property fraud scam, forgery and falsified instruments, the Court should void and vacate *ab initio* for all purposes the deed to **Defendant** 411 Rogers Avenue, LLC, dated April 5, 2006, and the resulting conveyance, recorded at the City Register of Kings County on June 20, 2006.

## AS AND FOR PLAINTIFF'S SIXTEENTH CAUSE OF ACTION

189.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

190.     That as a result of Plaintiff's bonafide purchase of seventy-five percent of the subject property, 25% on March 1, 2006 and an additional 50% on April 3, 2006, the Court should declare Plaintiff as both owner and primary decision maker over the subject property.

## AS AND FOR PLAINTIFF'S SEVENTEENTH CAUSE OF ACTION

191.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

192.     That as a result of the aforementioned real property fraud scam, forgery and falsified instruments, the Court should void and vacate *ab initio* for all purposes the mortgage on the subject property from **Defendant** 411 Rogers Avenue, LLC, to **Defendant** CONTINENTAL CAPITAL GROUP, LLC, dated May 8, 2006, and recorded at the City Register of Kings County on June 20, 2006, and likewise the subsequent assignment of 61% of that mortgage to **Defendant** M.T.M. REALTY, on

April 25, 2007, which same was recorded at the City Register of Kings County on May 23, 2007.

## AS AND FOR PLAINTIFF'S EIGHTEENTH CAUSE OF ACTION

193.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

194.     That as a result of the aforementioned real property fraud scam, forgery and falsified instruments, the Court should void and vacate *ab initio* for all purposes the Rental Assignment Agreement relating to the subject property fraudulently issued by **Defendant** 411 Rogers Avenue, LLC, to **Defendant** CONTINENTAL CAPITAL GROUP, LLC, dated May 8, 2006, and recorded at the City Register of Kings County on June 20, 2006.

## AS AND FOR PLAINTIFF'S NINETEENTH CAUSE OF ACTION

195.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

196.     That pending the trial of this action, or the determination by this Court, it is respectfully requested that the Court immediately appoint a receiver to manage the premises at 411 Rogers Avenue, Brooklyn, New York.


## AS AND FOR PLAINTIFF'S TWENTIETH CAUSE OF ACTION

197.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

198.     That the Court should declare plaintiff permitted to attach his state court ordered money judgment in the amount of $129,053.06 against **Defendant** NADIVA SCHWARTZ, as well as any other money judgment against **Defendant** NADIVA SCHWARTZ, against the real property that **Defendant** NADIVA SCHWARTZ is fraudulently hiding at 1603 Carroll Street, Brooklyn, New York, under the name of her pseudonym ABRAHAM SHNEORSON.


## AS AND FOR PLAINTIFF'S TWENTY FIRST CAUSE OF ACTION

199.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

200.     That the Court should declare as void the false *lis pendens* filed by **Defendant** ABRAHAM SOFER on the property located at 283-285 Midwood Street, Brooklyn, New York.

## AS AND FOR PLAINTIFF'S TWENTY SECOND CAUSE OF ACTION

201.     Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

202.     That as result of the threats of physical harm to Plaintiff, his family and business, and the actual assault and battery perpetrated against Plaintiff at his place of business, perpetrated by **Defendant** ABRAHAM SOFER and **Defendant** Wolf Landau, as principal owner of **Defendant** CONTINENTAL CAPITAL GROUP, LLC, acting in concert and conspiracy with the herein defendants in the context of their property fraud scam, Plaintiff 's business has been damaged in an amount not less than two million dollars.

## AS AND FOR PLAINTIFF'S TWENTY THIRD CAUSE OF ACTION

203.　　Plaintiff repeats and realleges each and every allegation as more fully set forth hereinbefore as if fully set forth hereinafter.

204.　　That as result of the threats of physical harm to Plaintiff, his family and business, and the actual assault and battery perpetrated against Plaintiff at his place of business, perpetrated by **Defendant** ABRAHAM SOFER and **Defendant** Wolf Landau, as principal owner of **Defendant** CONTINENTAL CAPITAL GROUP, LLC, acting in concert and conspiracy with the herein defendants in the context of their property fraud scam, Plaintiff has suffered emotional stress and anxiety.

W H E R E F O R E, Plaintiff prays that this Honorable Court should grant the aforesaid twenty three causes of action set forth hereinabove; and any other relief this Courts deems just and proper.

Dated: SEPTEMBER 25, 2013

SHOLOM D. MINSKY
1805 New York Avenue
Brooklyn, NY 11210
(917) 662-0569